## MASON vs. THE H. WHITBECK COMPANY.

CONTRACTS. (1) *When contract void by statute of frauds, becomes binding.*
(2) *Waiver of conditions by purchaser of chattels.*
INSTRUCTIONS. (3) *Modification of instructions asked.*

1. Where an executory contract for the sale of chattels is void by the statute of frauds, the purchaser becomes liable thereon after a delivery and acceptance of the chattels.

2. Where, by a contract of sale of lath, the vendor is to deposit them on the purchaser's premises, but they are not to be considered as delivered to the purchaser, nor is he to be liable for the price, until the lath shall have been inspected and counted by a certain person, if the purchaser, after the deposit of the lath at the place named, accepts them without count or inspection, he becomes thereupon liable for the price.

3. The statute provides, in terms, that the judge "shall give each instruction asked by counsel on the trial of a cause, to the jury, *without change or modification*, the same as asked, or shall refuse each in full." (Tay. Stats., 1496, § 15). *Held*, that where the statute is disregarded *to the injury of the appellant*, the judgment will be reversed. But where an erroneous instruction is modified so as to state the law correctly, no one is injured.

APPEAL from the Circuit Court for *Oconto* County.

Action to recover an unpaid balance of the contract price for a quantity of lath sold by the plaintiff to the defendant company.

The complaint avers, and the answer expressly admits, that the defendant agreed to purchase of the plaintiff all of the lath which the latter should manufacture during the fall of 1871 at the mill of one McCartney in Marinette; that the plaintiff was to pile the lath on the dock of McCartney near said mill; and that the defendant "agreed with the said plaintiff to pay him one dollar and forty-eight cents per thousand for the said lath, delivered on the said dock of William McCartney, aforesaid."

That the plaintiff placed about 450,000 lath on said dock pursuant to the contract, and on the 5th of October, 1871, notified the agent of the defendant that he had done so; that such agent thereupon paid or advanced to the plaintiff four hundred dollars on account of the lath; and that, before anything further had been done in the matter, the lath were burned, are undisputed facts in the case.

The contract was a verbal one, and the answer alleges that it contained a provision concerning the delivery of the lath, as follows: "But it was distinctly agreed upon and understood

by and between the said parties, that the said lath should not be considered as delivered to the said ' *The H. Whitbeck Company*,' or the property therein pass to the said company, or the said plaintiff receive his compensation for the said lath, until such a time as the said lath should be counted, and the number thereof ascertained, by one Robert A. Campbell; and it was further distinctly agreed upon and understood by and between the parties to the said contract, that the said lath should be counted, and the number thereof and quality ascertained, and the said plaintiff receive his compensation therefor, upon the arrival of the brig Commerce, a vessel then in the employ of the said company, upon which the said lath were to be shipped to market. And it was agreed upon and understood by and between the said parties, that there should be no delivery to the said ' *The H. Whitbeck Company*' of said lath, until the arrival of the said vessel, and until the said lath should be counted, and the number thereof and quality ascertained as aforesaid."

The plaintiff denied that the contract contained such provision. The testimony in relation thereto was conflicting, that of the defendant tending to prove, and that of the plaintiff tending to disprove the allegations of the answer in that behalf. The plaintiff also introduced testimony tending to show that, whatever the contract may have been, the defendant accepted a full delivery of the lath on the 5th of October. On this proposition, the testimony was also conflicting. ·

At the close of the plaintiff's testimony, and when he rested his case, the defendant moved for a nonsuit, on the ground that the contract was within the statute of frauds, and void; but the motion was denied.

Sufficient reference will be found in the following opinion to the instructions given by the court to the jury, and the instructions which the defendant asked, but which the court refused to give.

The plaintiff recovered the unpaid balance for the lath so

Mason vs. The H. Whitbeck Company.

placed by him on the dock, estimating the same at the contract price, and had judgment therefor. The defendant appealed from such judgment.

*Hudd & Wigman*, for appellant.

*A. Reinhart*, for respondent.

LYON, J. It is obvious that this case is not affected by the statute of frauds. The action is not upon an executory contract of sale. The plaintiff does not claim that he is entitled to recover unless there was a complete delivery of the lath to the defendant. If there was such delivery, the contract was valid from the time of delivery, although it may have been within the statute so long as it remained unexecuted. Inasmuch as the plaintiff's testimony tended to show a delivery, the motion for a nonsuit was properly denied.

The controlling question litigated on the trial was, whether the lath had been so delivered as to pass the title thereto to the defendant. This question involved two propositions of fact asserted by the plaintiff and denied by the defendant, to wit: 1. That the terms of the contract were such that the piling of the lath upon the dock at the designated place, and giving the defendant due notice thereof before the lath were burned, was a full delivery, and passed the title to the lath to the defendant; and 2. That although the contract may have been as claimed by the defendant, still, when such notice was given, the defendant accepted the lath without count or inspection, and thus became the absolute owner thereof.

The testimony certainly tended to prove the truth of both of these propositions; and it is obvious that if either of them be true the plaintiff is entitled to recover. The jury must have found that at least one of them was proved, and, there being sufficient testimony to support the verdict, the court cannot disturb it, unless there was some material error committed in giving the instructions to the jury which were given, or in refusing those which were asked on behalf of the defend-

ant and refused. This brings us to the consideration of the charge of the court.

The above propositions of fact, and the question as to whether there had been a delivery of the lath to the defendant, were submitted to the jury for determination, under instructions which seem to us to contain a correct statement of the law relating thereto. The jury were told in substance, that if the plaintiff's theory of the case was correct, he was entitled to a verdict; otherwise, not. On the question of delivery, they were repeatedly told to consider all of the testimony in the case bearing upon it, and that before they could find a delivery they must be satisfied from the evidence that it was the intention of the plaintiff to transfer, and of the defendant to accept, the title to the lath and the ownership and control thereof. What can be fairer or more accurate? The charge is very clear and explicit, and we think has not been successfully assailed at any point.

It is quite unnecessary to repeat here all of the instructions. Their scope and character will, it is believed, sufficiently appear in the following extract from the bill of exceptions:

" The following instructions were asked by defendants, and given or modified by the judge:

" ' 1st. If the jury find from the evidence that the lath in question was never delivered to and accepted by defendant, *at the time of the making of the contract alleged to have been made between plaintiff and Frederick Karney*, the fact of the payment of money after the contract was made will not of itself entitle the plaintiff to recover. In order to take the case out of the statute of frauds, by payment of any part of the purchase money, the money must have been paid at the time of the making of the contract.'

" Given as modified; the modification consisting of striking out the words in italics.

" ' 2d. If the jury find from the evidence, that the only delivery or acceptance of the lath in question were the words

that passed between the plaintff and Karney, and that no possession or transfer of possession of the lath was intended to be made to defendant, then the plaintiff cannot recover for a delivery of property; to satisfy the requirements of the statutes there must be some act done by the vendor with the intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter with the intent of taking possession as owner.'

" ' 3d. If the jury find fom the evidence, that by the terms of the contract the parties intended that the lath, before acceptance and final delivery, were to be counted, and the quality ascertained, by one Robert Campbell, then the parties have constituted the said Campbell their mutual agent for that purpose, and the contract was not complete until the said agent had so counted and inspected the lath, and until that was done the plaintiff could not recover in this action, *unless you find, from all the facts and circumstances, that the plaintiff delivered, and the defendant accepted, the lath without first having them counted; for although the parties may have originally agreed that the lath should be counted and inspected before acceptance, yet the defendants could have waived the right to the count and inspection if they saw fit to do so, and, in that case, the acceptance of the lath would bind them to pay for them.*'

" Given as modified; the judge adding all the words in italics."

That the above instructions, as given, state the law of the case correctly, does not admit of doubt. But the objection is taken, that the court had no power to modify them in any particular; and because they were modified, it is claimed that the judgment must be reversed. The statute provides that the judge "shall give each instruction asked by counsel on the trial of a cause, to the jury, without change or modification, the same as asked, or shall refuse each in full." Tay. Stats., 1496, § 15. This court had occasion to consider this statute in *Andrea v. Thatcher*, 24 Wis., 471, and in *Eldred v. The Oconto*

*Co.*, 33 Wis., 133; and it was held that when the statute is disregarded or violated to the injury of a party, the judgment will be reversed. But if no one is injured, as where an erroneous instruction is so modified as to state the law correctly (which certainly can work no injury to any one), the error is immaterial, and the judgment is not affected by it.

But there is a view of this statute, which, although not overlooked, was not mentioned in either of the above cases. To change or modify a proposed instruction is necessarily equivalent to a refusal to give it as asked, but giving another and different instruction instead thereof. If we look behind mere names and forms of expression, we shall perceive that, in substance and effect, the judge refused to give the first and third of the proposed instructions in full, but gave other and different instructions instead. Had he refused absolutely to give those instructions as asked, and then proceeded to give those which were given, as independent instructions, no one would claim that the statute was thereby violated. Yet because he did the same thing, but termed the act a modification instead of a refusal of the proposed instruction (as it really was), it is claimed that he violated the statute and thereby committed an error fatal to the judgment.

I am constrained to express my individual opinion (and I think the circuit judges of the state who have been endeavoring for the past six years to obey the statute under consideration, will concur therein), that this statute is contradictory, absurd and inoperative. With or without it, if the judge, in his charge to the jury, commits material error, the judgment will be reversed, but will not be reversed for merely formal or technical errors which can work no injury to the party complaining of them.

The court refused, in form, to give several other instructions asked on behalf of the defendant. Some of these were given in the general charge, and all of them which were not given were inaccurate in that they ignored the testimony tending to

show that the defendant accepted a delivery of the lath without regard to the terms of the original contract in respect to inspection and count. They were similar to the above third instruction, and required the same modification which the court gave to that instruction, to render them accurate. They were properly refused.

Finding no error in the record, it follows that the judgment of the circuit court must be affirmed.

*By the Court.* — It is so ordered.