## New York Marine Court.

*Trial Term—October*, 1882.

## DUPLEX SAFETY BOILER COMPANY *against* CHARLES W. McGINNESS.

**Sale and delivery of Goods.—Statute of Frauds.—Acceptance.**—In order to constitute a delivery and acceptance of goods, something more than words are necessary, and the fact that the goods are already in the defendant's possession under a prior understanding, does not amount to a delivery or acceptance. There must be some affirmative act of his to take the case out of the statute.

The complaint charges " that the defendant on or about March 1, 1882, purchased and agreed to pay $531.85 for a boiler then in his possession belonging to the plaintiff." The defendant answered, denying that any such purchase was ever made. Upon the conclusion of the plaintiff's case, the complaint was dismissed, and the plaintiff thereupon moved for a new trial, and this is the application now under consideration.

*William H. Mundy*, for plaintiff.

*Edward J. Creamer*, for defendant.

McADAM, J.—The boiler was in the defendant's possession prior to and at the time of the alleged sale to him by the plaintiff. The price was more than $50 ; no part of the purchase money was paid, and there was no contract in writing signed by either party. The sale was therefore void by the statute of frauds, unless the circumstance that the boiler was in the defendant's possession at the time may be regarded as a delivery and acceptance sufficient to satisfy the statutory requirement in that regard. Upon the trial the complaint was dismissed upon the ground that the mere circum-

stance of prior possession, standing alone, was not tantamount to the delivery and acceptance contemplated by the statute. This ruling was correct. There was no change of circumstances, either in the parties or the goods ; no change of possession or of the character of the possession, and the defendant has done no act which can be construed into an acceptance of the boiler. He has not changed its location or condition ; never claimed it as his own ; never refused to give it up ; and, in short, has neither exercised any act of owner-ship over it nor has he done anything inconsistent with his rights under his prior possession. To hold that there was a valid sale within the statute of frauds would be to introduce the very mischief against which that enactment was directed (Lillywhite v. Devereaux, 15 *Mees. & W.* 285 ; Edan v. Dudfield, 1 *Q. B.* 302 ; 1 *Adol. & Ell. N. S.* 302), for in order to constitute a delivery and acceptance of goods something more than words are necessary (Shindler v. Houston, 1 *N. Y.* 261).

Motion for new trial denied.