## SNIDER VS. THRALL.

*January 10 — January 30, 1883.*

SALE OF CHATTELS: STATUTE OF FRAUDS. *Delivery, when bailee in possession is the purchaser.*

1. Property in the possession of a bailee may be sold to him and a good delivery made, without being actually taken into the possession of the owner and then returned to the possession of the vendee.

2. So, where a house (treated as personal property) was in the possession of the vendee at the time of the sale thereof, and he continued in possession after and under the sale, it is *held* that there was such a delivery as would take the contract out of the statute of frauds, although no part of the purchase money was paid and no note or memorandum of the contract was made in writing.

APPEAL from the County Court of *Winnebago* County.

Action upon an account for goods sold and services rendered. The answer, both as a defense and as a counterclaim, alleges that the defendant sold a house to the plaintiff for the agreed price of $140, to be paid by the plaintiff in cash and in labor, goods, and materials as the defendant should require and demand; that the goods and services mentioned in the complaint were furnished and performed in part payment of such purchase price, and that there still remained a balance due thereon.

The trial was before the court, without a jury. It appeared that one William Boyd was the owner of the house in question and of the premises on which it was situated; that in May, 1872, he gave a chattel mortgage of the house to the defendant to secure the payment of a note payable eight months thereafter; that he afterwards sold the premises to one Perkins, subject to the mortgage; and that Perkins afterwards sold his interest in the premises to the plaintiff. The defendant testified, against the plaintiff's objection, that on the 9th of June, 1873, under and by virtue of his chattel

mortgage, he sold the house at public sale to the plaintiff for $140, to be paid as stated in the answer. He also testified that the plaintiff was living in the house at the time of the sale. It does not appear that any memorandum of the sale was ever made or signed by the plaintiff. Other testimony is sufficiently stated in the opinion.

The county court found that the defendant sold the house to the plaintiff as alleged in the answer; that the plaintiff performed the services and furnished the materials mentioned in the complaint with the understanding that they were to be applied on the payment of the purchase price of the house, and that they were fully paid for by being so applied; and that all the material allegations of the answer were true. From a judgment accordingly the plaintiff appealed.

*James Freeman*, for the appellant, contended that the court erred in admitting evidence of the sale of the house under and by virtue of the chattel mortgage, no such defense having been set up in the answer, and because the sale was void under the statute of frauds, citing: *Hardell v. McClure*, 2 Pin., 289; *Hooker v. Knab*, 26 Wis., 511; *Nichols v. Mitchell*, 30 id., 329; *Brown v. Slauson*, 23 id., 244; *Bates v. Chesebro*, 32 id., 594; *Paine v. Fulton*, 34 id., 83.

*John W. Hume*, for the respondent, cited: *Smith v. Stoller*, 26 Wis., 671; *Sewell v. Eaton*, 6 id., 490; *Sanborn v. Hunt*, 10 id., 437.

COLE, C. J. We think there is no sufficient reason for holding that evidence of the sale of the house by the defendant to the plaintiff upon the chattel mortgage was not admissible under the answer. The answer, in fact, sets up, both as a defense and by way of counterclaim, the sale of the house for the agreed price of $140, which the plaintiff was to pay in work and materials on demand. What more was it necessary to state in the answer to admit all evidence

in regard to the sale of the house? This house seems to have been treated by the owners of the realty as personal property. Boyd gave a chattel mortgage upon it to the defendant when he owned the lot on which it was situated. He testified that he sold the premises to Perkins, subject to this mortgage. The plaintiff bought the premises of Perkins, and says that he purchased this house of him and entered into possession thereof. In this statement, that he purchased the house of Perkins, he is contradicted by other witnesses.

The county court found as a fact that the defendant, on the 9th of June, 1873, sold and delivered to the plaintiff the house for the sum of $140, which sum the plaintiff agreed to pay in cash, and in work, services, and materials, upon demand. This finding is amply sustained by the evidence. But the learned counsel for the plaintiff insists that this sale of the house was void, because no note or memorandum of the contract in writing was made and subscribed by the parties to be charged, so as to take the case out of the statute of frauds. It appears that at the time of this sale the plaintiff was in possession of the house and premises. The court finds that the plaintiff went into possession of the house under the sale and has occupied the same ever since. If the plaintiff did take possession of the house under the sale made by defendant, as found by the court, this would meet the conditions of the statute. The transaction then would amount to a delivery of the house by the vendor, or, at all events, it would be all the delivery that could be made, when the nature of the property was considered. It seems to us it would be a complete and perfect sale and delivery of the house, so that thereafter the title would be in the plaintiff. Now, does it make any difference, as affecting the validity of the contract, that the plaintiff had been in possession prior to, or that he was in possession at, the time the chattel mortgage was foreclosed? We cannot see that it should change

the result. Certainly, if the plaintiff had removed from the house when the mortgage was foreclosed, had delivered possession to the defendant, and then had purchased the house and gone into possession, there could be no doubt that these acts would take the case out of the statute.

Now, what was done really amounted to this, as we understand the facts. The law surely did not require, under the circumstances, that the plaintiff should go through the idle ceremony of removing from the house, delivering up possession to the defendant, and then going back into possession under the sale in order to make the contract valid. The law is founded in reason and common sense, and requires the performance of no such useless acts to make a sale valid. A person can sell his property to his bailee and make a good delivery thereof without actually taking the property into his own possession and then returning it to the possession of the vendee. The question in the case would seem to be, Did the plaintiff really purchase the house on the mortgage sale and go into the possession of the same as the owner under such sale? If he did, as found by the court, the contract was not within the statute. The court also found that there was an agreement between the parties that the plaintiff should pay for the house in money, work, and materials as demanded; and that whatever work had been done by plaintiff, and all money paid and materials furnished by him, had been applied according to the agreement at the time of sale. It cannot be denied that there is evidence to sustain these findings.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court.*— Judgment affirmed.