## City Court.

### Trial Term—February, 1886.

## EWALD MOMMER ET. AL against ALBERT FRIEDLANDER.

In order to constitute an acceptance of goods sufficient to take the case out of the statute of frauds, there must be a final and absolute appropriation by the purchaser of the whole article sold or a part thereof. The mere receipt of the goods is not sufficient.

Motion for new trial on the minutes.

*Kaufman & Sanders*, for the motion.

*Geo. W. Galinger*, opposed.

McADAM, Ch. J.—The goods sold exceeded $50 in value. No part of the purchase price was paid at the time, and there was no note or memorandum of the contract signed by the parties to be charged, and the complaint was dismissed because there was no acceptance of the goods by the defendant so as to charge him under the statute of frauds. The plaintiffs move for a new trial, and the question presented is whether there was due acceptance of the goods by the defendant sufficient to satisfy the statute. The law on the subject will be considered first; the facts next.

In order to satisfy the statute, there must be " a final and absolute appropriation by the purchaser, either of the whole article sold, or of a part thereof" (*Story on Sales,*

§ 276). The acceptance must be final, complete and irrevocable (*Ib*). No act of the seller alone, in however strict conformity to the terms of the contract, will satisfy the statute. There must be the acts of the buyer of accepting and actually receiving part of the goods sold, beyond the mere fact of entering into the contract, to bind the latter. The buyer must have exercised his option to receive the goods or not, or having done something that has deprived him of his option, and there can be no acceptance and actual receipt of goods within the statute unless the vendee has had an opportunity of judging whether the goods sent corresponded with his order for them (see notes to *Story on Sales*, 4 ed. 277): "No act of the vendor alone, in the performance of a contract of sale void by the statute of frauds, can give validity to such a contract. If the contract is oral, and no part of the price is paid by the vendee, there must not only be a delivery of the goods by the vendor, but a receipt and acceptance of them by the vendee, to pass the title, or make the vendee liable for the price, and this acceptance must be voluntary and unconditional. Even the receipt of the goods without an acceptance is not sufficient. Some act or conduct on the part of the vendee or his authorized agent, manifesting an intention to accept the goods as a performance of the contract, or to appropriate them, is required to supply the place of the written contract" (Calkins v. Hellman, 47 *N. Y.* 449, 452; Hermance v. Taylor, 14 *Hun*, 149; Shindler v. Houston, 1 *N. Y.* 261; Wade v. N. Y. & M. R. R. Co., 52 *Id.* 627; Stone v. Browing, 68 *Id.* 598; S. C., 51 *Id.* 211; Cook v. Millard, 65 *Id.* 352; Aldrich v. Pyatt, 64 *Barb.* 391; Allard v. Greasert, 61 *N. Y.* 1).

There is no evidence in this case showing an intention to accept the goods. On the contrary, there appears an absolute refusal to accept, and there is nothing from which the jury could legally infer or find an acceptance within the meaning of that term as defined by the authorities.

The claim that the defendant accepted part of the goods is untenable. The part said to have been accepted was in the possession of the defendant before the sale, and he did no act or thing inconsistent with his former possession. There is nothing in this circumstance from which an acceptance, " in part performance of the contract" sued on, could be implied (Duplex Co. *v.* McGuiness, 64 *How. Pr.* 99). The facts are undisputed, and, if they fail to make out a legal contract of sale sufficient to satisfy the statute of frauds, it is clear that a verdict of the jury holding that the plaintiff had made out such a contract, would not be allowed to stand, and hence a proper case for submission was not made out. Lord CAMPBELL, Ch. J., in Marvin *v.* Wallis, (6 *El. & Bl.* 726) gave it as his opinion that the statute under consideration " does more harm than good. It promotes fraud rather than prevents it, and introduces distinctions, which I must confess are not productive of justice." However this may be, it is the law of the land, and must be enforced according to its letter and spirit.

The non-suit was properly granted, and the motion for a new trial must be denied.

Affirmed by general term on appeal.