## JAMES DORSEY, RESPONDENT, *v.* ROSELLA E. PIKE, APPELLANT.

*Delivery of personal property, exceeding fifty dollars in value, under a contract of sale thereof — proof of delivery required where, at the time of the contract, the vendee is in possession of the property as lessee thereof.*

Where an agent, holding personal property for his principal, as lessee thereof, makes a contract with the lessor by which he purchases the same on behalf of his principal, no part of the purchase-price being paid, and the property exceeds in value the sum of fifty dollars, it is necessary, in an action by the vendor brought to enforce the ·contract and recover the purchase-price, to show some affirmative act of delivery and acceptance of the property under the contract of sale, although at the time of such sale the property is in the possession of the agent of the vendee.

The mere fact of such possession in the vendee at the time of the making of the contract furnishes no evidence of an acceptance on his part sufficient to establish the validity of the contract under the statute of frauds.

APPEAL from a judgment of the Monroe County Court of December 12, 1887, entered on the verdict of a jury in favor of the plaintiff, and from an order of that court denying the defendant's motion for a new trial.

*John Desmond,* for the appellant.

*Henry J. Sullivan,* for the respondent.

BRADLEY, J. :

The action was brought to recover the price of an engine, boiler and pump, with appendages, alleged to have been sold and delivered by the plaintiff to the defendant and to have been purchased by her. The latter denied the sale and purchase. It appears that the defendant was the owner of a stone quarry, in which she was engaged in quarrying stone for market, and that early in July, 1886, James B. Pike, the husband of · the defendant, rented of the plaintiff this apparatus to use in working the quarry, and it was put in use there for drilling and pumping. The plaintiff claimed, and gave evidence tending to prove, that in the forepart of the following August, an agreement was made between him and the husband, by which the plaintiff agreed to sell and he agreed to purchase, at the price of $250, the apparatus to use in the quarry. This is contradicted by

evidence on the part of the defendant, and in her behalf further evidence was given tending to prove that the husband had no authority from the defendant to make such purchase on her account. The burden of proof was with the plaintiff to show that the sale was made, and that the husband was authorized to make the purchase for the defendant. In view of all the circumstances appearing by it, the evidence presented a question of fact upon the subject of the authority of the husband, and permitted the conclusion that he was the defendant's agent in the business of operating the quarry and marketing the stone taken from it; and, upon finding that fact, the jury were justified in the further conclusion that he had authority to purchase for her the machinery to be used in working the quarry. The alleged agreement of sale was evidenced by no writing, and no payment was made of any part of the purchase-price. It is, therefore, contended on the part of the defendant, that the agreement was within the statute of frauds and void. (2 R. S., 136, § 3.) There was no act of delivery and acceptance at the time the alleged contract was made. But the property was then at the quarry under an arrangement with the husband by which the plaintiff had rented it for use there. And, assuming that the husband was such agent, and rented it for the defendant, the property was then in her possession as lessee. Upon the subject of delivery and acceptance, the trial court charged the jury that the husband then had the possession of the engine either in his own right or as agent of his wife; and that if it was then understood and agreed between the parties that there was or should be a sale, "that sale was a valid sale, and the only question remaining for you to determine is who the sale was made to;" and that "if he had the entire possession, of course he could not get any more possession, and there was no necessity of any writing, no necessity of any payment or necessity for any further delivery." The view of the court evidently was that no act further than the making of the oral agreement of sale and purchase was essential to its validity and to render the contract effectual, if the property was then in the possession of the party in whose behalf it was made as purchaser. The defendant's counsel took exception to the proposition so charged. The statute requires, to support such a contract, a subscribed memorandum of it in writing, unless the buyer shall accept the property, or some part of it, or at the time

pay some part of the purchase-money. And its purpose was not to permit the validity of such an agreement to rest merely in words. The design of the statute was in contracts of this character, having the importance represented by the requisite price of the property, to guard against the misunderstanding of the parties, and perjury, by requiring, in the absence of any writing subscribed by the party to be charged, that a portion of the purchase-money should at the time be paid, or that then or thereafter the purchaser should by some act accept and receive some of the property. The opportunity and expressed purpose to accept it is not sufficient. (*Shindler* v. *Houston*, 1 N. Y., 261.) Assuming that the machine was in the possession of the defendant at the time the agreement to purchase was made, and that the husband, as her agent, made it, those facts alone were not sufficient to give validity to the contract. To hold otherwise would have the effect to render the mere words of the parties to such a contract effectual, and the purpose of the statute would be defeated. The then possession was in no manner produced by or derived from such contract, but was lawfully taken and held under another and independent arrangement between the parties; and until the purchase was evidenced by some act of acceptance under or in pursuance of the agreement to buy, no valid sale would be accomplished. This is clearly the expressed import and purpose of the statute; and such is the unbroken current of authority as to its effect. The mere fact that the property was in possession of the defendant at the time of making the contract furnished no evidence of acceptance in its support. (*Edan* v. *Dudfield*, 1 Q. B. [1 Adol & Ell., N. S.], 302; *Lillywhite* v. *Devereux*, 15 M. & W., 285; *In re Hoover*, 33 Hun, 553; Benjamin on Sales [Corbin], § 173.) But there must be some act or conduct on the part of the buyer, in respect to the property, which manifests an intention to accept it pursuant to or in performance of the contract of sale and purchase, which the parties have sought to make; and when the evidence is such as to warrant that conclusion, the question is usually one of fact for the jury. (*Parker* v. *Wallis*, 5 Ell. & Bl., 21; *Caulkins* v. *Hellman*, 47 N. Y., 449; *Stone* v. *Browning*, 51 id., 211; S. C., 68 id., 598.) This case was not entirely without evidence upon the question. There was evidence tending to prove that some use was made of the machine at the

quarry, not only after the alleged contract of sale was made but after Mr. Pike had notified the plaintiff that it was subject to the order of the latter, and would be returned to him at such place in Rochester as he might designate. This notice was given two weeks after the alleged purchase, and apparently indicated a purpose to terminate the agreement under which the apparatus had been taken ; and it in terms imported no intention to accept or retain it under the contract of sale ; and whether any action on the part of the defendant's agent (assuming her husband was such) in the control and use of the machine after such verbal agreement was made, was characterized by his intent to accept it in observance and execution of such contract, was a question for the jury ; and to enable them to reach such conclusion, and thus give validity to the contract as one of sale, the fact must fairly have the support of evidence. We do not here intend to express any view upon the weight of the evidence on that subject ; but, so far as related to the use made of the apparatus after the plaintiff was so notified of the purpose to terminate the arrangement for its service and return the property to him, there was some evidence on the part of the defendant, to the effect that such use was applied to pumping water from a place mentioned, in order to remove a pipe connected with it, and with a view only to take out and remove the pump. This may have been consistent with no intent to accept the property as a purchaser ; but, in view of all the evidence upon that subject, we think the question was one of fact for the jury.

The suggestion of the plaintiff's counsel, that the question raised by the exception before mentioned was obviated by other portions of the charge of the court, does not seem to be supported. The part of the charge in question is not qualified, necessarily or in fact, by any instruction given to the jury. So far as appears, they were permitted to understand that the fact of possession by the defendant of the property at the time of making the contract by her agent (if so made), was sufficient to render the contract of sale valid. While it is true that, in view of such possession, nothing further was required of the plaintiff by way of delivery of the property, the matter of acceptance requisite to the validity of the contract was dependent wholly upon the voluntary act of the other party to such

contract. It is deemed unnecessary, for the purposes of another trial, to express consideration of any other question presented on this review.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.

Barker, P. J., Haight and Dwight, JJ., concurred.

Judgment and order reversed, and new trial ordered, costs to abide event.