[No. 922.   Decided February 2, 1894.]

M. REINHART, *Appellant*, v. GEORGE A. GREGG, *Respondent*.

STATUTE OF FRAUDS — PAROL CONTRACT FOR SALE OF BUILDING — PERFORMANCE OF CONTRACT.

Where the owner of a building upon the land of another makes a parol contract of sale thereof to the land owner, and remains in possession thereof as a tenant, there is a sufficient performance of the contract of sale to take the case out of the statute of frauds.

*Appeal from Superior Court, Lewis County.*

*Daniel C. Millett,* and *Henry S. Elliott,* for appellant.

*Reynolds & Stewart,* for respondent.

The opinion of the court was delivered by

HOYT, J.— Appellant sought by this action to recover the amount alleged to be due upon a sale of personal property to the respondent. The property consisted of certain buildings owned by the appellant, and situated on the land of the respondent. The price agreed to be paid therefor was more than fifty dollars, and there was no memorandum of writing evidencing the sale. It was, therefore, void under the statute of frauds, unless there was such a delivery by the appellant and acceptance by the respondent as to satisfy the requirements of such statute.

At the close of the testimony of the plaintiff the court below granted a motion for non-suit on the ground that such testimony was not sufficient to warrant the submission to the jury of the question as to whether or not there had been such delivery and acceptance. To reverse this ruling, this appeal has been prosecuted. It sufficiently appeared from the proofs that plaintiff was the owner of the buildings with the right to remove them from the land

of respondent any time before the first day of January, 1892, and that before that date he had several conversations with the respondent in reference to a sale of the buildings to him. Appellant claims that what passed between the parties at the time of the last conversation was sufficient to constitute a sale. In reference to that question the testimony of appellant was substantially as follows:

"Q. What did you do in regard to those buildings on or about the first day of January, as between you and Mr. Gregg, the defendant in this case? A. I went in as his tenant.

"Q. State the facts as to your going in. A. Some time prior to the first day of January, I met Mr. Gregg in the rear of the building occupied by Mrs. Noftsger, as a grocery store, and I then proposed to sell him the buildings for six hundred dollars.

"Q. What buildings? A. The buildings that J. D. Rice & Co. occupied as a store prior to the first day of January. He to take the buildings for six hundred dollars, and I to take possession of them until I closed out the stock that I had in there; he to take twenty dollars a month rental from the purchase price of the buildings, and whenever I got through with the use of the buildings he to pay me the difference between twenty dollars a month for the time occupied and six hundred dollars, the purchase price. And he answered all right.

"Q. What, if anything, did you do next? A. I went in the buildings.

"Q. Under that agreement? A. Under that agreement.

"Q. How long did you occupy the premises?

"Counsel for defendant then admitted that they were occupied by the plaintiff from the first day of January to the 22d day of May, 1892.

"Q. During that time, what, if anything, did you do about the rent? A. I did nothing at all.

"Q. Did the defendant at any time demand the rent for these buildings? A. Nothing done whatever. There was never any demand made on me for rent."

Appellant further testified that some time after he had gone into possession of the buildings as the tenant of Mr. Gregg, he had a conversation with him in which he stated that he hoped to be able to close out the remainder of his goods at an early day; that upon his making such statement respondent said that he must give him some notice so that he could raise the money to pay the balance due for the buildings.

Did this testimony so far establish the delivery of the property by appellant and an acceptance thereof by the respondent as to authorize the submission of that question to the jury? That such question is ordinarily one of fact to be decided by the jury, and not one of law to be passed upon by the court, is well established by the authorities. See Benjamin on Sales, §§ 144–5; *Smith v. Stoller*, 26 Wis. 671; *Mason v. H. Whitbeck Co.*, 35 Wis. 164.

Such being the rule, the court committed error in taking this question from the jury, if any reasonable construction of the testimony on the part of the plaintiff would establish the fact that there had been a delivery and acceptance. If the delivery and acceptance was the best that could reasonably be expected under all the circumstances, it would take the case out of the statute of frauds. As to all bulky articles not capable of actual, manual delivery, there may be a constructive delivery which will be perfectly good. Between the parties to the transaction there may be a legal delivery and acceptance without any actual change of possession. One may sell personal property and remain in possession thereof as the bailee of the purchaser, and the sale be entirely valid. See Benjamin on Sales, § 182; *Janvrin v. Maxwell*, 23 Wis. 51; *Snider v. Thrall*, 56 Wis. 674 (14 N. W. 814); *Smith v. Bryan*, 5 Md. 141.

That the possession of a tenant of a building is the possession of the landlord, is too well established to require the citation of authority. It will follow that if there was

anything in the testimony of appellant that would warrant the jury in finding that on the first day of January, 1892, he went into possession of the buildings as the tenant of the respondent, the motion for non-suit should have been denied. If he assumed the relation of tenant, his possession became that of the respondent. If respondent assumed the relation of landlord he accepted the possession of the buildings.

In our opinion, there was sufficient testimony to warrant the jury in finding these facts, and that the question as to whether or not there had been a delivery and acceptance should have been left to it.

Judgment must be reversed, and the cause remanded with instructions to overrule the motion for non-suit, and proceed with the cause.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.