(37 Misc. Rep. 212.)

### LINDE v. HUNTINGTON et al.

(Supreme Court, Trial Term, New York County. February, 1902.)

SALE OF PERSONALTY—STATUTE OF FRAUDS.

  Plaintiff left a picture with defendants' testator, at his house, which testator had refused to buy, stating that it would be delivered to plaintiff on his order. Thereafter plaintiff reduced the price of the picture, and testator agreed to take the picture and pay him therefor when he returned to town, some months later, to which plaintiff agreed. Five days later, testator died, without having done anything further in the

matter. *Held*, that the sale was void, under the statute of frauds; there being no memorandum, nor payment of any part of the purchase money, nor delivery.

Action by Herman Linde against Arabella D. Huntington and others, executors of Colis P. Huntington. Verdict for defendants. Motion for new trial denied.

Benj. Scharps, for plaintiff.

John E. Parsons and Maxwell Evarts, for defendants.

RUSSELL, J. The complaint was dismissed upon the trial, and a motion for a new trial reserved at the request of the plaintiff's counsel. The claim against the Huntington estate is for $6,000, the purchase price of a small painting called "Angel's Head," said to be by Correggio. On the 30th of June, 1900, the plaintiff solicited Mr. Huntington to purchase the picture, taking the same to his residence, on Fifth avenue, in the city of New York. On the 12th of July, 1900, by letter, Mr. Huntington informed the plaintiff that he did not care to buy, and that the picture would be delivered to the plaintiff when called for. The witness Dassel testifies to overhearing a conversation between the plaintiff and Mr. Huntington at the entrance of the Mills Building on the 8th day of August, 1900, where the parties accidentally met, in which Mr. Huntington asked for the lowest price plaintiff would take for it, to which the plaintiff replied that he would take $500 less than what he told him last. Thereupon Mr. Huntington said, "Well, that makes $6,000." The plaintiff said, "Yes," and then Huntington replied, "Well, all right, Mr. Linde. I will take the picture at that, but I will not give you any check now. I never pay for any pictures in the summer. I will give you a check when I come back. I am going out in the country now;" and plaintiff said, "That is perfectly satisfactory," and after some conversation about the photographs and the catalogue they parted. No further interview ever took place, and no act evidencing assumption of ownership by Mr. Huntington was shown; he dying five days after the interview in the Mills Building.

The object of the statute to prevent frauds and perjuries is evident. The temptation to bolster up an imperfect agreement, by which a vendor secures an advantageous price for personalty of considerable value, has been so obvious that such sales are declared ineffectual unless evidenced by writing, or such overt act as would fully stand as the substitute. The passage over of possession is deemed sufficient for that purpose, if that possession is transferred in pursuance of the contract of purchase. Up to the 8th day of August, 1900, the plaintiff was at liberty to resume the custody of his property and sell it to any other purchaser. A conversation of somewhat doubtful construction, as to whether it meant a present purchase or a promise to purchase in the future, miles away from the place of the property spoken of, is now relied upon to prove an executed contract needing nothing further for its completion except payment, by which the title to personalty of the alleged value of $6,000 was eo instanti transferred from the one to the other. Thus the contract itself, the delivery of the article and its acceptance by the purchaser, are proven

only by an oral conversation which displays in itself, from the manner of its occurrence, and its uncertainty of construction, in strong light, the object of the statute which is designed to prevent the inducement to defraud or perjure. If the position of the parties had been reversed, and the Huntington estate had claimed that the plaintiff had given this picture to the deceased, Huntington,—a gift requiring delivery, as much as a sale,—could that estate have held the picture upon a conversation in which the owner stated that he absolutely gave to Huntington the property in question? None of the cases cited by the counsel for the plaintiff in his brief justify the assumption that the title to personalty can be transferred in this manner. Cases passing upon the effectiveness of acts, as indicating the actual intent to accept property, have no forceful bearing upon the different inquiry as to whether, conceding that intent to accept, the transaction is sufficiently effective to change the title and consummate the sale. Upon the general subject involved here, the authorities are against the plaintiff. Shindler v. Houston, 1 N. Y. 261, 49 Am. Dec. 316; In re Hoover, 33 Hun, 553; Lillywhite v. Devereux, 15 Mees. & W. 285; Edan v. Dudfield, 1 Q. B. 302, 1 Adol. & E. (N. S.) 302; Dorsey v. Pike, 50 Hun, 534, 3 N. Y. Supp. 730. The motion for a new trial is denied.

Motion denied.