J. H. Silkman Lumber Company, Appellant, vs. Hunholz, Respondent.

*September 5—September 24, 1907.*

*Statute of frauds: Sale of personalty: Change of possession: Transfer of title.*

1. Mere words *inter partes* will not effect a transfer of possession and title as between buyer and seller so as to satisfy the statute of frauds as regards a verbal sale of personal property exceeding in value $50.

2. Where the subject of a verbal sale agreement of personal property is in the possession of the contemplated vendee as bailee or to some extent, by reason of its being on his premises by his permission, the mere agreement consisting of an offer to sell on specified terms and acceptance thereof does not work a change of possession so as to satisfy the statute.

3. To satisfy the statute of frauds in a situation such as last mentioned there must be some affirmative act on the part of the purchaser, manifesting an intention to accept the property under the sale agreement, in order to make transition of title from seller to purchaser.

[Syllabus by Marshall, J.]

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover on an alleged executed verbal contract for the sale of a quantity of lumber at $22 per thousand feet, amounting to $275. The issue was respecting whether a contract for a sale of lumber by plaintiff to defendant was made which was binding on the latter under the statute of frauds. Defendant denied the alleged sale and claimed that if the pretended contract sued upon was made it was wholly verbal and never progressed beyond an agreement, executory on both sides, and so was void under the statute of frauds.

There was evidence to this effect: Defendant, who operated a lumber yard, ordered a carload of lumber of plaintiff to be shipped to such yard. When it arrived the lumber was rejected as not satisfactory. Plaintiff unloaded the lumber and piled the same as its own, partly on railroad ground and partly on defendant's premises by his permission. Plaintiff's agent, after selling part of the lumber, repiled the residue by defendant's permission in his yard. Such agent testified that later he offered the lumber to defendant at $22 per thousand feet; that the latter accepted the offer, and that later he delivered to him an invoice of the property. There was further evidence that still later plaintiff sent defendant a statement of the lumber. He denied having received more than one statement and claimed to have returned that to the plaintiff. There was no proof that he at any time exercised control over the property. There was evidence that subsequent to the alleged sale plaintiff's agent offered to dispose of some of the lumber to a third person. He explained that he did so because defendant had sold his yard and wanted plaintiff to help him out by taking the lumber back.

The cause was submitted to the jury for a general verdict. The effect of the instructions was to make the cause turn on whether there was an accepted offer of the lumber at $22 per thousand feet and an acceptance of the lumber pursuant

thereto so as to effect a change of possession and title. The verdict was in defendant's favor. Judgment was rendered accordingly.

*Charles T. Hickox,* for the appellant, cited *Snider v. Thrall,* 56 Wis. 674; *Somers v. McLaughlin,* 57 Wis. 358; *Janvrin v. Maxwell,* 23 Wis. 51; *Marvin v. Wallis,* 6 El. & Bl. 726; *Amson v. Dreher,* 35 Wis. 615.

*Samuel M. Field,* for the respondent.

Marshall, J. As we view this case the exceptions presenting the question of whether there was any evidence tending to show that the alleged verbal agreement for a sale of the lumber was so far executed as to render it binding upon appellant are all that need be considered. The value of the property involved being over $50, a verbal sale thereof was not effective unless characterized by the buyer receiving and accepting the property or some part thereof under the contract, since no claim is made that any payment was made on such contract. Sec. 2308, Stats. (1898).

The evidence shows without serious, if any, question that appellant took possession of a part of respondent's lumber yard under a license from the latter and piled the lumber in question thereon as its own property; that thereafter it continued in possession of such lumber and the land on which it was piled up to the time of the alleged sale to respondent; that during the time indicated the latter did not have possession of the property as bailee or in any respect; that after such alleged sale the physical situation remained exactly as before; no act on the part of respondent occurring accepting the lumber or indicating an acceptance of it, or inconsistent with the title to the property remaining as it was prior to such alleged sale.

Now it is quite elementary that in case of a verbal sale of personal property mere words *inter partes* will not, under the statute of frauds, effect a change of possession of the subject

of the transaction from the seller to the buyer; that some act is necessary, at least reasonably indicating a taking of the property and acceptance thereof under the contract. 29 Am. & Eng. Ency. of Law (2d ed.) 981. Without that, there can be no transition of title from the vendor to the vendee, and without such transition the sale agreement is barren of the characteristic necessary to satisfy the statute.

Here the only evidence of a sale was that of an offer to sell the lumber to respondent for $22 per thousand feet, and an acceptance of the offer. As before indicated, nothing was done pursuant to such offer and acceptance; no money was paid; no ascertainment of the amount of lumber occurred; no act of dominion over the property by appellant took place or interference with it in any way changing the situation as it existed prior thereto.

It is insisted that when the property of a person is in the possession of another and is verbally sold to him by such person, the mere sale agreement changes the character of the possession and satisfies the statute of frauds. On that *Snider v. Thrall,* 56 Wis. 674, 14 N. W. 814, and similar authorities are referred to, none of which, nor any other well-considered authority, in our judgment bears out the counsel's contention. Such authorities are to the effect that where the subject of the sale is in the possession of the vendee in some capacity, it is not necessary, in order to effect a transition of the title, that the vendor should repossess himself of the property and then redeliver it to the vendee; that it is sufficient if the latter retains possession claiming the same, expressly or by reasonable implication, as his own under such circumstances as to indicate a mutual intention to change the nature of the possession thereof. Nothing of that sort occurred here.

So, conceding for the purposes of this case the claim of appellant that respondent had possession of the property in question as that of appellant at the time of the alleged sale, which in the judgment of the court is not strictly correct, the

fact being that appellant had possession of the ground on which the lumber was piled as licensee, he did not thereafter in any manner claim the property as his own and so the case is within the statute.

The authorities are quite numerous that under the circumstances stated the sale agreement falls under the statutory condemnation. *Snider v. Thrall, supra; Edan v. Dudfield,* 1 Q. B. 302; *Taylor v. Wakefield,* 6 El. & Bl. 765; *Duplex S. B. Co. v. McGinness,* 64 How. Pr. 99; *Matter of Hoover,* 33 Hun, 553; *Dorsey v. Pike,* 50 Hun, 534, 3 N. Y. Supp. 730; *Caulkins v. Hellman,* 47 N. Y. 449; *Stone v. Browning,* 51 N. Y. 211; *Cooke v. Millard,* 65 N. Y. 352.

The purport of the cases cited is tersely stated in the syllabus to *Duplex S. B. Co. v. McGinness, supra,* in these words:

"In order to constitute a delivery and acceptance of goods something more than words are necessary; and the fact that the goods are already in the defendant's possession under a prior understanding does not amount to a delivery or acceptance. There must be some affirmative act of his to take the case out of the statute."

In *Dorsey v. Pike, supra,* the same idea was advanced to sustain the sale agreement as appellant contends for here: that the agreement, under the circumstances, indicated a mutual intention that the title and possession to the property should change, and, such being the case, a transition occurred accordingly, and to that the court replied:

"Possession of the property at the time of the alleged sale was in no manner produced by or derived from such contract, but lawfully taken and held under another and independent arrangement between the parties; and until the purchase was evidenced by some act of acceptance under or in pursuance of the agreement to buy, no valid sale would be accomplished. This is clearly the expressed import and purpose of the statute; and such is the unbroken current of authority as to its effect. The mere fact that the property was in possession of the defendant at the time of making the contract furnished no evidence of acceptance in its sup-

port. . . . But there must be some act or conduct on the part of the buyer, in respect to the property, which manifests an intention to accept it pursuant to or in performance of the contract of sale and purchase, which the parties have sought to make."

If the law were not declared as indicated the statute would be of little or no protection against fraud in any of the multitude of cases liable to arise involving a situation like or similar to the one in question. Moreover, as said in one of the cases cited, the very mischief would be judicially introduced which the statute intended to prevent.

As indicated at the outset, nothing further need be said in disposing of this appeal. The verdict of no cause of action and judgment rendered accordingly cannot be disturbed in any event because there was no evidence tending to establish a valid contract for a sale of the lumber to respondent and warranting a verdict and judgment in appellant's favor.

*By the Court.*—The judgment is affirmed.