Gardet *v.* Belknap.

### GARDET *vs.* BELKNAP & WHITE.

A delivery of goods, in order to take a case out of the statute of frauds, must be of such a nature, that the property is placed under the control and power of the vendee ; and the acts to change the possession of the property from the vendor to the vendee, must be such as to deprive the vendor of his *right of lien* as security for payment of the *purchase money.*

Words alone unaccompanied by acts cannot make out a delivery.

APPEAL from the superior court of the city of San Francisco. The facts of the case are stated in the opinion of the court.

*E. Temple Emmett*, for plaintiff.

*Elisha Cook*, for defendants.

*By the Court*, BENNETT, J. The suit was brought for goods sold and delivered. The facts of the case were, that the defendants called at the plaintiff's store, and agreed verbally to give him $1,37½ per gallon, for the quantity of brandy he had on hand of a particular brand and in good casks, and the plaintiff agreed verbally that the defendants might have it, as soon as he could select and set apart the good casks. There was no evidence that the brandy contained in the good casks, was ever separated from other brandy which the plaintiff had. No bill of sale was made out by the plaintiff, no mark was placed upon the liquor sold to designate it as belonging to the defendants, no entry was made in the plaintiff's books, and no writing or memorandum of any kind was made of the sale.

Some days after the verbal agreement above mentioned, the

plaintiff's clerk called at the store of the defendants, when one of the defendants asked him if he could not sell the brandy, to which the clerk replied that he could on account of the defendants, and went away. The next day the clerk called again, when the defendants disputed the quantity which it was claimed they had agreed to take, but stated that they were ready to receive the quantity agreed upon, if the plaintiff could deliver it according to agreement. The brandy had never been removed from the plaintiff's store, and was there destroyed by fire.

On this state of facts the defendants moved for a nonsuit on the grounds; 1st. That no note or memorandum of the contract had been signed by the defendants; 2d. That no part of the brandy had been delivered, and no part of the purchase money paid; and 3d. That something remained to be done by the parties for the purpose of designating the quantity of the brandy sold and the quality of the casks, by way of selecting and setting apart the liquor, before the title could pass to the defendants.

The court denied the motion for a nonsuit; the cause was submitted to the jury, who found a verdict for the plaintiff in the sum of $1780.

It is unnecessary to consider all the grounds on which the motion for a nonsuit was made, as we are satisfied that it should have been granted on the ground that there was no delivery or part delivery of the property sold, so as to take the case out of the statute of frauds.

It is provided by section 13 of the act concerning fraudulent conveyances and contracts, passed April 19, 1850, that every contract for the sale of any goods, chattels, or things in action, for the price of two hundred dollars or over, shall be void, unless; 1st, a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged therewith; or, 2d, unless the buyer shall accept or receive part of such goods, or the evidences, or some of them, of such things in action; or, 3d, unless the buyer shall at the time pay some part of the purchase money.

No note or memorandum of the contract in this case was made in writing, and no part of the purchase money was paid,

Gardet v. Belknap.

and, consequently, if the defendants neither accepted nor received a part of the brandy, the contract was void, and cannot be enforced. If there was no delivery, there could be no acceptance, and the question whether there was an acceptance, is the same as the question whether there was a delivery.

There was no pretence that there was an actual delivery of the brandy, but a constructive delivery is sought to be made out from the fact that one of the defendants asked the plaintiff's clerk if he could not sell the brandy, to which the clerk replied that he could on account of the defendants. It does not appear that the defendants authorized the clerk to sell the brandy on their account, or that there was any agreement between the parties to that effect.

To hold that such a transaction amounted to a delivery within the statute of frauds would be equivalent to a repeal of the statute.

The decisions both of England and of the United States have been fluctuating upon the point as to what shall constitute a delivery. The delivery must be such as the nature of the case admits. Wine may be delivered by giving up the keys of the wine cellar ; and the consent of a party upon the spot is sufficient possession of a column of granite, which, by its weight and magnitude, is not susceptible of any other delivery, and when the declared intention is to take possession. A bill of sale of timber and materials of great bulk, or marking the timber, has been held such a delivery and change of possession as the subject matter reasonably admitted. Taking a bill of parcels and an order from the vendor on the storekeeper for the goods, and going and marking them with the initials of the vendee's name—taking a bill of parcels and an order on the warehouseman, and paying the price—the communication of the vendor's order on a wharfinger or warehouseman for delivery, and assented to by him—the change of mark on bales of goods in a warehouse, by direction of the parties—taking the vendee within sight of ponderous articles, such as logs lying within a boom, and showing them to him—selecting and marking of sheep by the vendee—have severally been held to be a sufficient delivery to complete the sale and pass the property. The delivery may be according

to the subject matter, but the property must always be placed under the control and power of the vendee. (2 *Kent's Comm.* 500 to 502.) The acts to change the possession of the property from the vendor to the vendee, must be of such a nature as to deprive the vendor of his right of lien as security for payment of the purchase money. (*Tempest* v. *Fitzgerald,* 3 *Barnwell & Ald.* 680.)

The facts of this case, from which a delivery is sought to be made out, amount to less than in any of the instances above referred to, and are of too slight a character to warrant the inference that the vendor's lien for the purchase money was lost.

All that the plaintiff relies upon to make out a delivery is nothing but words, but the statute requires acts—its object is to have something pass between the parties besides mere words. (*Per Cowen, J. in Archer* v. *Zeh,* 5 *Hill,* 205.) In *Shindler* v. *Houston,* (1 *Denio,* 261,) the facts of the case were as follows: The plaintiff was the owner of about 2070 feet of curled maple plank and scantling, which was piled on a dock apart from any other lumber. The plaintiff and defendant met at the place where the lumber lay. The plaintiff said to the defendant, " what will you give for the plank ?" The defendant said he would give three cents a foot. The plaintiff then asked, " what will you give for the scantling?" The defendant replied, " one and a half cents a foot." The plaintiff then said, " the " lumber is yours." It was held, upon these facts, that there was no delivery, and that the vendor could not recover. In that case both parties were present where the lumber lay, and if words, without any acts, could operate to take any case out of the statute, it would be difficult to imagine a stronger state of facts than were presented in *Shindler* v. *Houston,* in order to effect that purpose. The case before us is a weaker one, for here, all that is relied upon is a conversation which took place, some time after the bargain, between the plaintiff's clerk and one of the defendants, at the store of the defendants, and not within view of the property. If that be a delivery, the statute is a nullity. We think it no delivery. The judgment should be reversed, and a new trial granted. Costs to abide the event.

Ordered accordingly.