## MALONE v. PLATO.

In order that a verbal contract for the purchase of goods or chattels at a price exceeding two hundred dollars may be saved from the operation of the Statute of Frauds by a delivery, there must be a transfer of possession evidenced by acts, and not by words merely.

Where, after an alleged verbal agreement for the sale of a pair of horses, they remained in the seller's livery stable, where they had been previously kept: *held*, that proof of a direction by the purchaser to the seller to keep the horses in the stable for him, or of any other language of that import, was insufficient to show such a delivery as is required by the thirteenth section of the Statute of Frauds.

APPEAL from the Sixth Judicial District.

The plaintiff seeks to recover in this action $2,200, as the price of a span of horses, which he alleges were purchased of him by defendant.

The defendant, in addition to a denial of any contract of purchase, claims that any agreement which may have been made was void by the Statute of Frauds. The proof showed that the horses were kept by plaintiff in his livery stable at Sacramento; that some negotiations as to a purchase were made, resulting in an understanding that defendant should take the horses at the price of $2,200, provided that upon trial they made a certain rate of speed, and that plaintiff and defendant rode out together to the place of trial and returned with the team, the plaintiff driving, to the stable. One of the witnesses testified that upon entering the stable on their return, plaintiff asked defendant what he should do with the horses, and defendant said: "Put them in the stable; do not let them; I will take them; I will be back in half an hour and pay for them."

No agreement or memorandum in writing was made. The horses were put up in the stable belonging to plaintiff, where they had been previously kept, and within a half hour after the conversation stated, defendant sent word that he would not take them. The jury found for defendant, who had judgment accordingly. Plaintiff moved for a new trial, which was denied, and from this order and the judgment he appeals.

*Coffroth & Spalding*, for Appellants.

The rule is well settled, that any act of either party assented to by the other, which implies a change of ownership, is a sufficient constructive delivery, under the Statute of Frauds. (*Elmore* v. *Stone*, 1 Taunt. 458; *Manton* v. *Moore*, 7 Term, 67; *Chaplin* v. *Rodgers*, 1 East. 194; *Potter* v. *Washburne*, 13 Vt. 558; *Wing* v. *Clark*, 24 Me. 366; *Handlette* v. *Tallman*, 14 Id. 400; *Smith* v. *Nevitt*, Walk. 370; *Shindler* v. *Houston*, 1 Denio, 48.)

*Geo. R. Moore*, for Respondent.

There was no sufficient delivery to take the alleged agreement from the operation of the thirteenth section of the Statute of Frauds. (*Guidett* v. *Belknap*, 1 Cal. 399; *Shindler* v. *Houston*, 1 Com. 261; *Bailey* v. *Ogdens*, 3 Johns. 417; *Outwater* v. *Dodge*, 6 Men. 400; *Kent* v. *Hutchinson*, 3 Bos. & Pul. 233.)

NORTON, J. delivered the opinion of the Court—COPE, C. J. concurring.

In the case of *Elmore* v. *Stone* (1 Taunt. 458), after the sale had been agreed upon, the purchaser requested the seller to keep the horse for him on livery, as he, the purchaser, had no stable. The seller thereupon removed the horse from his sale stable, where he had been previously kept, and put him in his livery stable. This was held a sufficient delivery. The case has been treated as of doubtful authority, and when referred to has been sustained only upon the ground that the seller, by an unequivocal *act*, done at the request of the purchaser, had changed his possession of the horse from that of an owner to that of a livery stable keeper. It appears to be entirely settled that to comply with the requirements of the

Statute of Frauds the transfer of the possession must be evidenced by acts, and cannot be effected by mere words./ If the delivery may be constructive instead of the actual change of location of the body of the property sold, when it is bulky, yet it must be shown by some unequivocal act. (*Tempest* v. *Fitzgerald*, 3 Bar. & Ald. 680; *Carter* v. *Toussaint*, 5 Id. 855; *Shindler* v. *Houston*, 1 Com. 261.)

In the present case no act was done by either party indicating any change in the character of the possession by which the plaintiff held the horses.

In allowing the jury to decide, from the proofs given in this case, whether or not the parties understood that the horses were to be deemed delivered, the Court below gave the plaintiff a chance for a verdict, which, if obtained, it would have been difficult under the authorities to sustain, and upon the question thus submitted to the jury the evidence was such as to preclude this Court from disturbing the verdict.

The judgment is affirmed.