[Civ. No. 312.   Second Appellate District.—November 16, 1906.]

## LOUIS FREYBERG, Respondent, v. LOS ANGELES BREWING COMPANY, Appellant.

CORPORATIONS—SALE OF SALOON BUSINESS—AUTHORITY OF MANAGER—ORAL CONTRACT—POSSESSION—RECOVERY OF PRICE.—Where a corporation, in its ordinary business, was engaged in buying and selling saloons, and it appears, without conflict, that its president, as general manager, had authority to sell a saloon business, with its goodwill and license, and he made an oral contract of sale thereof, under which the purchaser took possession, the corporation is entitled to recover the purchase price agreed upon in such oral contract.

ID.—BY-LAW AS TO WRITTEN CONTRACTS—POWER OF PRESIDENT AS MANAGER NOT RESTRICTED.—The power of the president of the corporation, as its general manager, to make an oral contract to sell a saloon business, was not restricted by a by-law directing the president and secretary to execute written contracts that may be executed or issued by the corporation, except when otherwise directed by the board of directors.

ID.—ORAL CONTRACT NOT INVALID UNDER STATUTE OF FRAUDS—DELIVERY.—The oral contract of sale of a saloon business and license for the price of $1,300, by the president of the corporation, was not invalid, under subdivision 4 of section 1624 of the Civil Code, where the buyer accepted the saloon license as part delivery, and afterward took possession of the saloon, which was acquiesced in by the corporation plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

W. S. Wright, and M. L. Graff, for Appellant.

Goldberg & Burke, and Earl & Creede, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff and an order denying the defendant's motion for a new trial. In the original complaint two causes of action were set out: The one for the sale by the plaintiff to the defendant of the furniture and fixtures of a saloon, together with the goodwill of the business and the license under which the same was conducted, for the sum of $1300; the other for trespass in the unlawful taking and conversion of the goods sold by the defendant and other defendants named. But as to the latter, the suit was dismissed before the trial and the second count stricken out.

The court found the sale of the goods in question as alleged. This finding is fully sustained by the evidence; and, indeed, the sufficiency of the evidence is not disputed, except in one particular; which is that the president of the corporation and his subagents through whom the contract was made had no authority to enter into the contract, or at least, to do so otherwise than in writing. But it appears, without contradiction, that the president was the general manager of

the corporation, and that the buying and selling of saloons was part of its ordinary business. There can, therefore, be no doubt of his authority to make the contract. Nor was it essential that the contract should be in writing. The section of the by-laws cited by the appellant—that: "It shall be the duty of the president . . . to execute with the secretary . . . and except when otherwise directed by the board of directors, all contracts and certificates of stock that may be executed or issued by this corporation"—does not restrict his powers to the making of contracts in writing. This simply provides for the execution of written contracts, "executed or issued by (the) corporation," and has no reference to oral contracts made by the president as manager of the corporation. Nor was the validity of the contract affected by the provisions of section 1624, subdivision 4, of the Civil Code. The license was actually transferred to Tagal at the instance of the defendant and in accordance with the terms of the contract of sale—which was, in effect, an acceptance by the buyer of part of the goods sold; and there was afterward, also, a delivery to Tagal as agreed upon. It, indeed, appears that the plaintiff refused to deliver the saloon until the purchase money was paid; but Tagal took possession in the absence of the plaintiff, who afterward acquiesced in the entry and holding of the saloon by Tagal, and this was, in effect, an actual delivery. The agency of Tagal in taking possession of the saloon appears from the contract as proven.

The judgment and order appealed from are affirmed.

Gray, P. J., and Allen, J., concurred.