[S. F. No. 6786. Department Two.—December 24, 1915.]

VIRGINIA E. WILSON, Respondent, v. W. J. HOTCHKISS, Appellant.

SALE—STATUTE OF FRAUDS—RECEIPT OR ACCEPTANCE—PRIOR POSSESSION IN VENDEE.—The rule that mere words are not sufficient to prove a receipt or acceptance of personal property to take an oral contract of its sale out of the statute of frauds, is inapplicable to cases where the actual possession is in the vendee, and the real question is whether that possession has been transformed from that of bailment or pledge to that of complete ownership.

ID.—EVIDENCE OF RETENTION OF POSSESSION AS OWNER.—Where a sale is made to a vendee in possession, whatever may have been the nature of his prior possession, the law does not require a quitting of it and a retaking of possession as the new owner. All that is required is

evidence showing that the possession is retained by the vendee in his new capacity of owner.

ID.—DECLARATIONS OF VENDEE AS TO OWNERSHIP.—This may be established by proof of acts or dominion over the property inconsistent with his former holding as bailee or pledgee, or by his declarations that he so holds the property as owner.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Titus, Creed & Dall, for Appellant.

Franklin P. Bull, for Respondent.

HENSHAW, J.—The first trial of this cause resulted in a verdict and judgment in favor of the plaintiff. Defendant's appeal was considered by the district court of appeal of the third district, where every legal consideration pressed upon the attention of that court is clearly, fully, and satisfactorily disposed of. (*Wilson* v. *Hotchkiss*, 21 Cal. App. 392, [132 Pac. 88].) That court very properly ordered a reversal of the judgment and a new trial for the failure of the trial court to give any instructions touching the statute of frauds and its applicability to the contract under consideration. Upon the new trial such instructions were given. Again the verdict of the jury was for plaintiff, and once more defendant appeals. It may not be questioned but that the court quite fully and quite accurately instructed the jury as to the nature of the acts by a vendee under a parol contract within the statute of frauds which would be sufficient to satisfy the requirements of that statute. But complaint is made over the court's refusal to give the following: "Mere words are not sufficient to prove a receipt or acceptance of the personal property to take an oral contract of sale of personal property, for a price exceeding two hundred dollars, out of the statute of frauds." It is said that this refused instruction embodies an unquestioned principle of law, first declared in New York in *Shindler* v. *Houston*, 1 N. Y. 261, [49 Am. Dec. 316], and approved in this state in the very early cases of *Gardet* v. *Belknap*, 1 Cal. 399, and

*Malone* v. *Plato,* 22 Cal. 103. These cases and the principle of law for which appellant contends therefore demand examination. *Shindler* v. *Houston* was a sale by oral contract of lumber in the possession of the vendor, and piled on a dock. Standing in front of the lumber, the vendor and the vendee agreed upon the price, and the plaintiff then said, "The lumber is yours." There was absolutely no other delivery, no change of possession, and the true meaning of the decision is that where delivery and change of possession are necessary to comply with the statute of frauds, an oral declaration does not alone constitute such delivery. To precisely the same effect is *Gardet* v. *Belknap,* where there was not the slightest pretense that the brandy which the defendant orally purchased had ever been removed from the plaintiff's store, or that the defendant had exercised, or attempted to exercise, any dominion over it, the plaintiff resting his case solely upon the oral declaration of the vendee at the time of the purchase and as a part of the contract of purchase. In *Malone* v. *Plato* defendant was charged with having purchased horses of the plaintiff. The transaction rested wholly in parol, defendant saying, "I will take them. I will be back in half an hour and pay for them." The horses remained in plaintiff's stable. Defendant refused to complete this oral contract, and pleaded the statute of frauds. This court again said that it appears to be entirely settled that to comply with the requirements of the statute of frauds, "*the transfer of possession* must be evidenced by acts and cannot be effected by mere words." With the soundness of these declarations as bearing upon the facts to which they were applied, no criticism can be made. But what were the essential facts? They were that for their validity each contract required a delivery of the article sold, and the holding is merely that the language of the vendor that "the property is yours," or the language of the vendee, "I will take the property," does not measure up to the requirement of the statute. This principle and these decisions have no bearing on or relationship to cases such as the one at bar—cases where the actual possession is in the vendee and the real question is whether that possession has been transformed from that of bailment or pledge to that of complete ownership. Where a sale is made to a vendee in possession, whatever may have been the nature of his prior possession, the

law does not require a quitting of it and a retaking of possession as the new owner. (*Snider* v. *Thrall,* 56 Wis. 674, [14 N. W. 814].) All that is required is evidence showing that the possession is retained by the vendee in his new capacity of owner. And what evidence will establish this? Manifestly it may be established by proof of acts of dominion over the property inconsistent with his former holding as bailee or pledgee, but equally may it be established by his declarations that he so holds the property as owner. On principle this must be so, for it would indeed be strange if a pledgee, formally reciting the oral contract by which he had purchased the property and declaring that he held possession of it no longer as pledgee but as absolute owner, could have the evidence of these declarations excluded from the consideration of the jury upon the ground that they were mere declarations and not a part of his acts or conduct in dealing with the property. They are essentially a part of his acts and conduct, and so we find it declared as "well settled that any acts of the parties indicative of ownership by the vendee may be given in evidence to show the receipt and acceptance of the goods to take the case out of the statute of frauds. Conduct, acts and declarations of the purchaser may be given in evidence for that purpose." (*Garfield* v. *Paris,* 96 U. S. 557, [24 L. Ed. 821].) And without multiplying citations, reference may be made to Browne on Statute of Frauds, section 321e, where he states: "The conduct of the buyer showing an acceptance . . . may be drawn . . . from what he says." And again quoting from the same author, page 433, footnote, "An examination of the cases will show that evidence has uniformly been received even in New York of the conduct of the parties, i. e., what they did and said, without in any way discriminating between acts of doing and acts of saying." (See, also, Mechem on Sales, sec. 382; Williston on Sales, sec. 87.) It follows that the court ruled correctly in refusing to give the proffered instruction.

Plaintiff's evidence went to establish that her assignor in selling his stock ceased to have any connection with the corporation and so forfeited his position as manager; that he was temporarily retained by the defendant purchaser in his managerial position at an increased compensation, the increase being paid by the defendant himself; that defendant was the pledgee of the stock at the time of the sale; that the

vendor was jointly liable with the vendee upon certain promissory notes; that as a part of the consideration the vendor was to be released from liability on those notes; that in fact the vendee did pay those notes and never made demand upon the vendor for recoupment; that the vendee publicly declared that he had bought the vendor's stock and that the vendor no longer had any interest in the company. Here certainly is enough, and more than enough, evidence to justify the submission of the cause to the jury, whose verdict will not here be disturbed. (*Shumway* v. *Rutter*, 8 Pick. (Mass.) 443, [19 Am. Dec. 340].)

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.