[L. A. No. 5729. In Bank.—February 4, 1921.]

SAMUEL R. McCREERY, Appellant, v. H. W. CHARL-
TON et al., Defendants; GUARANTY TRUST AND
SAVINGS BANK et al., Respondents.

[1] Mortgage—Deed of Trust—Priority of Execution—Recital in
Trust Deed—Presumption.—Where a mortgage and a trust deed
bear the same date and were filed for record on the same day,
it will be presumed from a recital in the trust deed that it is
made subject to a mortgage filed concurrently with the deed, that
the execution of the mortgage preceded that of the deed.

[2] Id.—Trust Deed Subject to Mortgage—Want of Consideration
for Mortgage—Lack of Knowledge of Assignee—Effect of Re-
cital in Trust Deed — Estoppel of Beneficiaries.—Where ven-
dors of real property, in order to enable the vendee to mortgage the
property for the purpose of obtaining money to make improve-
ments, permitted the trust deed of the vendee, taken by them in
part payment of the purchase price, to contain a recital that the
trust deed was subject to a mortgage of even date, they were
estopped from claiming that their trust deed, which was recorded,
was prior to the mortgage and that no consideration passed on the
execution of the mortgage, as against an assignee of the mortgage
who accepted the assignment as security for a loan to the mort-
gagee upon the representation that the mortgage was a first lien
and whose agent, the abstract company, relied upon such recital
in passing the title.

[3] Id.—Foreclosure of Mortgage—Priority of Trust Deed—Es-
toppel—Pleading.—In an action by an assignee for the fore-
closure of a mortgage, it was not necessary to plead in the
complaint that the beneficiaries under a trust deed containing a
recital that the trust deed was subject to the mortgage were
estopped from claiming that such mortgage was subordinate to
their deed, where the question of estoppel arose upon their de-
fense.

[4] Id.—Assignment of Mortgage—Extent of Priority.—The pri-
ority of the right of an assignee of a mortgage over that of bene-
ficiaries under a trust deed subject to the mortgage extends only
to the extent of the loan and costs incident thereto which the
assignment secures.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Charles Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

Lloyd W. Moultrie for Appellant.

Behymer & Craig and Elliot Craig for Respondents.

SLOANE, J.—The plaintiff brought this action to foreclose a mortgage securing a note for six thousand dollars, which note and mortgage were assigned to him as collateral security for a cash loan of $1,250 made by him to the mortgagee.

There was no defense by the mortgagors, but the defendants, respondents here, interposed the claim of a trust deed on the same property which was alleged to create a lien superior to the mortgage.

The trial court found in accordance with the claim of the respondents, and this appeal is taken from the judgment subordinating the mortgage to this deed.

The uncontroverted facts in the case appear to be that respondents, Marie Otto and Charles E. Otto, sold the land in question to defendant Charlton, receiving therefor six hundred dollars in cash and four notes for five hundred dollars each. To secure these notes Charlton and wife executed the trust deed, mentioned, to the defendant and respondent Guaranty and Trust Company for the benefit of the Ottos, payees of the notes. This trust deed contains a recital that it is made "subject to a mortgage for six thousand dollars, filed concurrently herewith." The mortgage thus referred to is the one sought to be foreclosed in this action. The mortgage and trust deed bear the same date and were filed for record on the same day, there being nothing other than the above recital to show which, if either, had priority of recordation. [1] In the absence of evidence to the contrary it would be presumed from this recital in the trust deed of the existence of a mortgage, that its execution preceded that of the trust deed. The mortgage and note secured thereby were executed to one Anna L. Giles. No immediate consideration passed therefor. The purpose of the note and security was to enable Charlton, the purchaser, to obtain money for the erection of a house on the land which he agreed to build at a cost of seven thousand five hundred dollars, the note and security having been executed to raise money for that purpose. This was never done, and as between Charlton and Mrs. Giles and the Ottos the note and mortgage are without consideration. Instead of raising money for such building purposes

Mrs. Giles hypothecated the securities for a personal loan of $1,250 with one A. L. Bank, and later secured the money from the plaintiff to repay Bank, and had Bank reassign the note and mortgage to plaintiff as security for the $1,250 thus advanced by him. Both Mrs. Giles and Bank knew the purpose for which the note and mortgage had been executed, but they did not impart that information to the plaintiff. No part of the unpaid purchase price notes, nor of the six thousand dollar note, has been paid. The six thousand dollar note, however, at the time of its assignment to plaintiff had indorsed upon it the payment of accrued interest in the amount of $210. It appears that this interest had never been paid, but the payment was apparently indorsed for the purpose of indicating to the plaintiff that the interest payments were being met.

The findings of the trial court are an elaboration upon this state of facts with the further finding that the plaintiff in accepting an assignment of the note and mortgage did so with knowledge that the note was originally made without consideration, and that he did not in entering upon the transaction know or rely upon the recital in the trust deed making it subordinate to the mortgage. The language of the finding in the last-mentioned particulars is as follows: "That plaintiff accepted said assignment of said note and mortgage and said note and mortgage, and each of them, with full knowledge on his part that there was no consideration for the execution of said six thousand dollar note and mortgage, or either of them, and with full knowledge and belief on his part, after personal inspection and investigation by him, that the real property described in said mortgage was of the value of about two thousand five hundred dollars, and no more," and further, that "said plaintiff knew that there was a trust deed of two thousand dollars upon said real property, but plaintiff did not know or have any information or belief of the fact that said two thousand dollar deed of trust contained the said recital, to wit: 'Subject to a mortgage for six thousand dollars filed concurrently herewith,' and the court finds that in making said loan and taking said assignment plaintiff did not in any way or manner whatsoever rely upon said recital in said deed of trust."

It is only on these findings that plaintiff had knowledge of the failure of consideration for his note and mortgage,

and did not receive his assignment in reliance upon the recital of this priority in the trust deed, that the judgment can be upheld. The contention of the appellant is that these findings are unsupported by the evidence.

We have examined the evidence in this case with the result that we fail to find any substantial support for the findings in either of these particulars. Not only is there nothing in the record to indicate that the plaintiff had any knowledge or information which would lead him to question the sufficiency of or consideration for the security offered him, but, on the contrary, his own testimony and the circumstances of his part in the transaction indicate perfect good faith on his part in the validity of the security; and while it is true that he testified that he did not know, at the time of making the loan, of the recital in the deed subordinating it to the mortgage, or rely upon such recital, the evidence does show that it was represented to him and he relied upon the fact that the mortgage was a first lien on the property, and the abstract company to which he had intrusted the search of title, as his agent, must have known of and relied upon such recital in passing the title. The certificate of title thus furnished at the request of the plaintiff contains a notation of this trust deed and of the recital making it subject to the mortgage. The collateral note executed to plaintiff by Mrs. Giles on this loan recites that the collateral security is a note for six thousand dollars secured by first mortgage on this property. The Los Angeles Title Insurance Company, which was handling the escrow in the matter of this loan for plaintiff, took the precaution of calling upon the original parties to the note to state if there were any outstanding equities against the note. To these inquiries Charlton, the maker of the note, replied that he had "received the consideration for the full face value of the note" and that there were no legal defenses to it. Plaintiff's assignor answered that no additional advances had been made upon the note in addition to the original amount, and that "the interest on said note is paid to Oct. 25, 1916," the date of assignment to plaintiff. Our attention is called to an alleged erasure of the word "no" in the statement of the mortgagor, Charlton, that "there are no legal defenses to the note," but the record is so unintelligible as to whether such erasure was actually made, or if so, why or when or by

whom, that we cannot give it any consideration here, though it might have some weight as notice to put the plaintiff on inquiry of possible equities, if the erasure existed when the information was received.

The fact that the trial court pointed out in its findings that the plaintiff personally inspected the property covered by the mortgage and estimated its value at not to exceed two thousand five hundred dollars may indicate that it attached some significance to the fact that property of so small a value had been accepted as security for a six thousand dollar indebtedness. The note might have been accepted without any security at all without being open to suspicion. There might be other collateral security. At any rate, there is nothing in the circumstance to suggest that the transaction was in any way invalid or in bad faith between the original parties.

It is very apparent that the original vendors of this real property were victimized in consenting to deferring their purchase money security to this mortgage, but it was in pursuance of a legitimate business arrangement which was only weak in its fulfillment and not in its purpose. The very object of respondents in inserting in their trust deed the recital of the priority of the mortgage was to enable their vendee to so negotiate the security as to obtain money for the proposed improvements. They could easily have safeguarded themselves by including in the recital a statement of the purpose for which the mortgage security was to be used. As it was they made a record title which was an invitation to anyone without actual notice of the facts to deal with this mortgage in good faith as an unlimited and assignable security. It is not necessary to cite further authorities to the rule that "where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer," than the enactment of this rule into the codes. (Civ. Code, sec. 3543.)

Even if it be true, as the trial court found, that the plaintiff did not in making his loan personally know of or rely upon the recital in the trust deed, as it was probably justified in finding, although the plaintiff attempted to correct his testimony in this respect, it does not follow that having entered into the transaction in the belief that he was getting a first mortgage he might not rely upon the fact as

it existed, even though he may have based his faith upon something else.

But, as has already been pointed out, the abstract company which he had employed to search the title knew of and relied upon this recital, and he, as he had a right to do, relied upon the abstract company. Respondents object that the certificate of title was not admitted in evidence. It was used on the trial of the case, and appears in the bill of exceptions as part of the evidence submitted on the trial and must be considered for all purposes to which it is relevant.

[2] Under our view of the conclusive effect of the evidence in this case it is clear that the respondents were estopped, by the recital permitted by them in the trust deed acknowledging the priority of the six thousand dollar note and mortgage, from now attempting to subordinate such security to their claim.

The law covering this case is very aptly set forth in the decision of this court in *National Hardware Co.* v. *Sherwood*, 165 Cal. 1, [130 Pac. 881], and in the decision of the first district court of appeal, division one, in *Burrows* v. *Durflinger* (Cal. App.), 187 Pac. 752, in which latter case a petition for hearing in this court was denied. The facts under which both of these decisions were made are very closely in point with the case before us. While it is recognized in both of these opinions that the notes in question were non-negotiable, and open to the defense of a failure of consideration in the hands of assignees, yet it is held that such defense was not available to other lien claimants who had expressly and by matter of record acknowledged the priority of the disputed security over their own. This rule is sufficiently fortified by the provisions of section 1962, subdivision 3, of the Code of Civil Procedure, that "whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

[3] As this question of estoppel arose upon respondents' defense to plaintiff's foreclosure, it was not necessary that it should have been pleaded in the complaint.

We cannot imagine what further precautions plaintiff could have been expected to take in protecting himself from

defenses to his security than were resorted to in this case. The response made to the inquiries of the abstract company by the maker of the note and mortgage were such as would estop him from any defense, even if it were shown that the erasure claimed had appeared in his response as originally received. The trustee and beneficiaries under the trust deed had already waived, by the very terms of the instrument on which they rely, any preferential right as against this note and mortgage, and there surely was no occasion to verify this solemn declaration.

[4] The plaintiff here is only claiming under this note and mortgage to the extent of the loan and costs incident thereto which it secures, and his priority of right, of course, only extends to the protection of such claim.

The judgment is reversed.

Wilbur, J., Lennon, J., Shaw, J., Angellotti, C. J., Olney, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.