[Civ. No. 172. Fifth Dist. Dec. 21, 1962.]

FRED D. WILLIAMS et al., Plaintiffs and Respondents, v. C. C. GALLOWAY et al., Defendants and Appellants.

William A. Hill for Defendants and Appellants.

Bradley, Wagy, Bunker and Hislop and Bruce F. Bunker for Plaintiffs and Respondents.

BROWN, J.—Appellants appeal from a judgment in favor of respondents in the amount of $3,941.12, plus interest and costs, based on a suit filed by respondents as successors in interest of Williams & Sons, Inc., a dissolved corporation. The complaint sought recovery of moneys expended by Williams & Sons, Inc. in installing a water well and pump upon land owned by the appellants. The appellants answered with a general denial and filed a cross-complaint in two counts.

After a trial before the court without a jury, judgment was rendered in favor of respondents on their complaint and against the appellants on their cross-complaint. No motion having been made for a new trial, the appellants now appeal from the judgment on the complaint only.

Originally, the appellants leased certain real property to the respondents herein which lease was subsequently assigned, with their proper consent, to Williams & Sons, Inc., a corporation. This corporation was engaged in extensive farming operations. In July 1957 there was need for a new source of water on the appellants' property and a producing well was finally drilled on the second attempt in August 1957 at a cost of $3,941.12 by the corporation, which cost appellants agreed to pay.

In the winter of 1957-1958, demand was made on the appellants for payment of the amounts advanced by the corporation for the costs. On March 13, 1958, the corporation sold most of its assets to Roberts Farms, Inc., which included 11 parcels of real estate owned by the corporation and four parcels of leased land plus certain water rights appurtenant to all the real property sold to the buyer, and all personal property of the corporation described as that ". . . which

is customarily or ordinarily used in the operation of the business of said corporation, (save and except those items of personal property specifically listed and appearing on Exhibit A attached hereto and all crops harvested on or before March 16, 1958)'' for a sum total of $1,467,400.

On the dissolution of the corporation, its assets, including the claim against the appellants, were distributed to the respondents. Thereafter additional demands for payment were made upon the appellants.

In the summer of 1958, Roberts Farms, Inc., claiming title to this claim against appellants, purported to negotiate a settlement by taking a credit against rent and the appellants thereafter denied any indebtedness to the successor respondents herein.

A complaint having been filed by the respondents against the appellants and a pretrial conference having been held, the issues to be determined as to the complaint were, (1) Did the plaintiffs install the well and pump at the instance and request of defendants? and (2) If the answer to the question above is in the affirmative, the amount of the indebtedness. No other issues as to the complaint were mentioned.

After trial the court found that the appellants had authorized Williams & Sons, Inc. to drill said water wells at the appellants' expense with an agreement to reimburse Williams & Sons, Inc.; that demand had been made upon the appellants; that the corporation had been dissolved and its assets distributed to the respondents; and that the claim against appellants was not transferred to Roberts Farms, Inc. Judgment was then entered in favor of respondents herein for $3,941.12, from which the appellants appeal.

Appellants' brief is very short, claiming that the respondents are estopped to deny the plain reading of the agreement in which their interests in the farming operation were sold to Roberts Farms, Inc., and that, ''All personal property of Williams & Sons, Incorporated, owned by or in the possession of Sellers on February 28, 1958, . . . and including property held on a leashold basis,'' is transferred to Roberts Farms, Inc.

It is appellants' belief that Williams & Sons, Inc. persuaded Roberts Farms, Inc. to purchase the property by the use of this amount owed for the pump and well drilling being considered as prepaid rental and therefore respondents are estopped, and they cite the familiar rule that one who clothes another with apparent title to property is estopped from asserting his title against an innocent third party who has been

induced to deal with the apparent owner. (*Mercantile Acceptance Corp.* v. *Liles Bros. Motor Co.,* 167 Cal.App.2d 779, 784 [334 P.2d 938].)

The question of estoppel was not raised in the trial of the action by answer; it does not appear on the face of the complaint and was not mentioned in the pretrial conference or order; no motion was made during the trial to amend the answer or set up estoppel nor was there a motion for a new trial; and it was not included in any of the findings of fact. "It is a general rule of appellate review, early established and long adhered to, that questions not raised in the trial court will not be considered on appeal." (3 Cal.Jur.2d, Appeal and Error, § 140, p. 604.)

"The rule is well established in this state that an estoppel to be available must be specially pleaded." (*Holzer* v. *Read,* 216 Cal. 119, 124 [13 P.2d 697].)

The evidence as reviewed indicates no discussion or reference to any words which may be considered as estoppel, and no reporter's transcript reference is made thereto in appellants' brief.

If, for the purpose of argument, we assume that estoppel could be raised at this time, we are still bound by *Crestline Mobile Homes Mfg. Co.* v. *Pacific Finance Corp.,* 54 Cal.2d 773, 778 [8 Cal.Rptr. 448, 356 P.2d 192], which well defines the general established principles that the party to be estopped must know the facts; he must intend that his conduct be acted upon; the party asserting the estoppel must be ignorant of the true state of facts; and he must rely on the conduct to his injury.

There is no evidence or testimony in the record to show that respondents had any knowledge of what appellants believed with respect to this account, or that the respondents knew that someone else was claiming title to the amount owed by appellants. The respondents' conduct was consistent in that they demanded payment before the sale was completed to Roberts Farms, Inc.; the demand again was made after the sale; the sale was never discussed with appellants and appellant C. C. Galloway testified that he never saw the contract. Therefore, there could be no misleading of the appellants. As to the appellants being ignorant of the true state of facts, appellant C. C. Galloway testified that while Roberts Farms, Inc. held the money out from the rent due him, he, appellant, understood that he owed the money to somebody but he didn't know which one it was supposed to be paid

to because he had never seen the papers. There is no testimony that he relied upon respondents' conduct to his injury.

 Without merit is appellants' contention that the words "water rights" would include the right to receive any money for advances or services rendered in installing the well. In the agreement the words "water rights" are referring to the whole agreement and refer to water rights appurtenant to or in any way connected with the real property sold to buyer. Roberts Farms, Inc. did not buy appellants' property but only took over the corporation's lease with appellants.

As to whether or not "all personal property" refers to all personal property "customarily or ordinarily used in the operation of the business," we believe these words do not refer to or include choses in action though some types of property were listed, such as trucks, tractors and miscellaneous equipment. A detailed inventory was received in evidence on behalf of respondents which includes all the trucks and numbers thereof, description and location of all equipment to and including mattresses and excepting specifically described items. At no place is there any reference to the transfer of the claim of the corporation against the appellants. Another exhibit offered of the prepaid items for a prorate among the various rentals as prepared by the accountant for Roberts Farms, Inc. shows the allowance of $375 as a prorate of the advanced rental previously received by appellants for which the Roberts Farms, Inc. paid the corporation.

There appears to be nothing in the record which would show that the corporation transferred its claim against the appellants to Roberts Farms, that there was an intention to transfer it to Roberts Farms and that even if appellants had read or knew of the document of sale they would reasonably believe that the claim had been transferred.

There being no estoppel and the findings being supported by the evidence in this matter, the judgment is affirmed.

Conley, P. J., concurred.

Stone, J., deeming himself disqualified, did not participate.